ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JORGE M. BLASINI CRUZ<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500222 | Revisión Judicial procedente de Departamento de Corrección y Rehabilitación<br><br>Núm. Querella 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<br><br>Sobre:<br><br>Informe de Querella de Incidente Disciplinario |

Panel integrado por su presidenta, la Juez Domínguez Irizarry,[1] el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 14 de julio de 2025.

Comparece ante nos Jorge M. Blasini Cruz ("Sr. Blasini" o "Recurrente") y nos solicita que revoquemos la Resolución emitida el 17 de diciembre de 2024 por el Departamento de Corrección y Rehabilitación ("DCR", "foro administrativo" o "foro recurrido"). Mediante dicha Resolución el DCR determinó que el Sr. Blasini violó los Códigos 108 y 200 del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional* ("Reglamento Núm. 9221" o "Reglamento").[2]

Por los fundamentos que exponemos a continuación, *confirmamos* la Resolución recurrida.

---

[1] Mediante Orden Administrativa OATA-2025-068 del 7 de mayo de 2025 se designa a la Hon. Ivelisse M. Domínguez Irizarry en sustitución del Hon. Félix R. Figueroa Cabán para entender y votar.
[2] Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, Reglamento Núm. 9221, Departamento de Estado, 6 de octubre de 2020, págs. 28 y 40.

Número Identificador:

SEN2025_____

-I-

A continuación, exponemos los hechos pertinentes a la controversia de epígrafe.

El 23 de octubre de 2024 el Oficial Wilfredo Colón De León ("Oficial Colón" o "Querellante") presentó un *Informe de Querella de Incidente Disciplinario*[3] contra el Recurrente por violación a los Códigos 108[4] y 200[5] del Reglamento Núm. 9221. El 17 de diciembre de 2024, el DCR celebró una vista administrativa y emitió una *Resolución*[6] en la que encontró al Sr. Blasini incurso en los códigos imputados. El foro administrativo le impuso al Recurrente las siguientes sanciones: suspensión del privilegio de comisaría (con excepción de los artículos de higiene personal), recreación activa, visita, actividades especiales y cualquier otro privilegio que se le conceda en la institución por el periodo de ochenta (80) días calendario. Inconforme con dicha determinación, el Recurrente presentó una *Moción Solicitando Reconsideración*[7]. En esa ocasión, el Sr. Blasini hizo varios planteamientos. Primeramente, alegó que existe controversia sobre el lugar en el que se encontraba el Recurrente al momento de los hechos. En segundo lugar, alegó que el Querellante no tiene

---

[3] *Véase* Apéndice del recurso de revisión, pág. 1.
[4] Posesión, Distribución, Uso, Venta o Introducción de Teléfonos Celulares o Equipo de Telecomunicaciones – Se prohíbe la posesión, distribución, uso, venta e introducción de teléfonos celulares a instituciones correccionales.
[5] Contrabando – Consiste en la posesión de artículos o materiales considerados no peligrosos, que no sean suministrados o autorizados por el Departamento de Corrección y Rehabilitación. También se considerará contrabando aquellos artículos en exceso de los permitidos en el área de vivienda, tales como los artículos de consumo, o cualquier otro establecido por el Departamento de Corrección y Rehabilitación, excluyendo aquellos tipificados como contrabando peligroso.
[6] *Véase* Apéndice del recurso de revisión, págs. 8-11.
[7] *Íd.*, a las págs. 12-15.

propio y personal conocimiento de los sucesos, por lo que consultaba las respuestas con un tercero durante la vista administrativa. Finalmente, el Sr. Blasini adujo que la prueba documental estaba "*plagada de defectos de fondo insubsanables*"[8]. El 21 de marzo de 2025, el DCR declaró *No Ha Lugar* la solicitud de reconsideración e incluyó un análisis con las determinaciones de hechos en que fundamentó su decisión.[9] A tales efectos, el foro recurrido señaló que la evidencia documental y testimonial dejó establecido el lugar donde ocurrió el incidente, por lo que no existe controversia sobre este particular. Sobre la alegación del Recurrente respecto a las inconsistencias en la vista, el DCR indicó que no existieron tales incoherencias, toda vez que el Oficial Examinador pudo observar el *demeanor* del Querellante y su testimonio fue cónsono con la evidencia documental que obra en el expediente administrativo. Finalmente, en lo concerniente a los alegados defectos de fondo, el DCR declaró que "*[l]a prueba documental que obra en el record [sic] administrativo es preponderante para sostener que el querellado cometió los actos prohibidos imputados bajo los códigos 108 (Posesión, Distribución, Uso, Venta o Introducción de Teléfonos Celulares o Equipo de Telecomunicaciones) y 200 (Contrabando)*".[10]

Inconforme con la determinación del foro administrativo, el Sr. Blasini acudió ante esta Curia el 9 de abril de 2025 mediante recurso de revisión

---

[8] *Íd.*, a la pág. 14.
[9] *Íd.*, a las págs. 26-29.
[10] *Íd.*, a las pág. 28.

administrativa e hizo los siguientes señalamientos de error, y citamos:

1. ERRÓ LA AGENCIA POR CONDUCTO DEL SR. EXAMINADOR

(A) AL MENOSCABAR Y LACERAR EL MÍNIMO GARANTIZADO DEL DEBIDO PROCESO DE LEY.

(B) EL PERMITIR COMO EVIDENCIA UNA QUERELLA DEFECTUOSA (VIOLACIÓN A LA REGLA 6 Y 7(1)) [DEL] REGLAMENTO DISCIPLINARIO 9221-2020 Y AL ABUSAR DE SU DISCRPCIÓN [SIC]; PERMITIR LA PRESENCIA DEL OFICIAL GÓMEZ EN LA VISTA.

2. ERRÓ AL PERMITIR COMO EVIDENCIA UNA DECLARACIÓN JURADA DEL QUERELLANTE, SIN ESTA ESTAR JURAMENTADA O AUTENTICADA POR UN FUNCIONARIO PÚBLICO O NOTARIO.

3. ERRÓ AL PERMITIR EL FOLIO #87 EN ALUCIÓN [SIC] COMO SI FUESE COMPLEMENTADA POR EL INFORME DE QUERELLA Y LA MISMA DECLARACIÓN JURADA CARECIENTE DE UNA FIRMA FEHACIENTE.

(A) CUANDO EN LO ESCRITO POR LA SGTO. RODRÍGUEZ NO SE HACE MENCIÓN ALGUNA DE LOS HECHOS Y EL TESTIMONIO Y LA QUERELLA DEL SR. QUERELLANTE LA HACEN EN EL LUGAR DE LOS APARENTE [SIC] HECHOS PERO NO FIGURA NI COMO TESTIGO DOCUMENTAL

(B) CUANDO LA HORA INDICADA POR EL SGTO. VEGA SE APARTA 8:40PM A 55 MINUTOS ANTES DE LA HORA DIVULGADA DE LOS HECHOS DEL CASO ALEGADO 9:35PM, QUE SEGÚN EL EXAMINADOR CONCUERDA CON LA VERSIÓN DEL QUERELLANTE DENTRO DE LA QUERELLA DEFECTUOSA Y LA DECLARACIÓN JURADA SIN AUTENTICIDAD. ESTO SE LLAMA INCONGRUENCIAS.

4. ERRÓ TAMBIÉN LA OFICIAL DE QUERELLA AL ATRIBUIRSE ROLES QUE SOLO [SIC] LE COMPETEN AL EXAMINADOR DE VISTA, QUIEN ES EL UNICO [SIC] POR LA REGLA 31, QUIN SOLO [SIC] DETERMINA SI EL TESTIMONIO DE UN TESTIGO ES REPETITIVO Y EXCLUIR LAS PREGUNTAS REALIZADAS POR EL QUERELLADO A LA OFICIAL COLÓN Y NO PRESENTAR LOS DOCUMENTOS SOBRE LAS PERTENENCIAS RECIBIDAS POR DICHA OFICIAL COLÓN NO ERA IRRELEVANTE.

5. ERRÓ EL HONORABLE EXAMINADOR AL DETERMINAR EL NO CONCURRIR QUE LOS DEFECTOS DE CONTENIDOS EN ESA ETAPA DEL PROCESO ERAN INSUBSANABLE [SIC], NI TAN SIQUIERA LOS DE FORMA.

6. ERRÓ AL DETERMINAR QUE LA EVIDENCIA ERA SUSTANCIAL Y QUE LA PARTE QUERELLADA NO DERROCO [SIC] EL VALOR PROBATORIO DE LA MISMA.

7. ERRÓ EL EXAMINADOR Y LA OFICIAL DE QUERELLA AL PERMITIRLE AL OFICIAL GOMEZ [SIC] QUE LE DICTARA LAS RESPUESTAS AL TESTIGO QUERELLANTE MIENTRAS ESTE ESTABA EN EL INTERROGATORIO SIN SER AMONESTADO, LO CUAL QUEDA CLARO QUE NO FUE UN PROCESO JUSTO E IMPARCIAL.

-II-

**A. Deferencia administrativa**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico[11] ("LPAUG") autoriza la revisión judicial de las decisiones de las agencias administrativas. Es un principio establecido que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, debido a que estas cuentan con vasta experiencia y pericia para atender los asuntos que le han sido delegados por la Asamblea Legislativa.[12] Por lo tanto, las determinaciones de las agencias suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas.[13] Sin embargo, dicha norma no es absoluta. A tales efectos, nuestro más alto foro ha enfatizado que no podemos imprimirle un sello de corrección a una determinación, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. Nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

---

[11] Ley Núm. 38 de 30 de junio de 2017, según enmendada.
[12] *Hernández Feliciano v. Municipio de Quebradillas*, 2023 TSPR 6, 211 DPR ___ (2023); *O.E.G. v. Martínez Giraud*, 2022 TSPR 93, 210 DPR ___ (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).
[13] *Íd.*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta [sic] cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida.[14]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad.[15] Bajo este criterio, la revisión judicial se limita a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción.[16] La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas.[17] Nuestro máximo foro ha expresado que esta intervención "*debe ocurrir cuando la decisión administrativa no se fundamente en evidencia*

---

[14] *Íd.; Véase*, además, *Super Asphalt v. AFI y otro*, supra, a la pág. 819.

[15] *O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, a la pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, a la pág. 127.

[16] *Íd.*

[17] *O.E.G. v. Martínez Giraud*, supra; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217.

*sustancial o cuando la agencia se equivoque en la aplicación de la ley.*"[18] Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad.[19]

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad.[20] No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra.[21] Ahora bien, nuestro más alto foro ha establecido que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: (1) erró al aplicar la ley (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales.[22]

Finalmente, el Tribunal Supremo ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "*la deferencia judicial al expertise administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante*

---

[18] *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36.
[19] *Íd.; O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra.
[20] *Véase* Sección 4.5 de la LPAUG, 3 LPRA § 9675; *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36; *Torres Rivera v. Policía de PR*, supra, a la pág. 627.
[21] *Íd.*
[22] *Torres Rivera v. Policía de PR*, supra, a las págs. 627-628; *O.E.G. v. Martínez Giraud*, supra, a la pág. 90.

*actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia.*"[23]

**B. Reglamento para Procedimientos Disciplinarios**

El Reglamento Núm. 9221 establece un mecanismo para imponer medidas disciplinarias a aquellos confinados que violen las normas y procedimientos establecidos en las instituciones bajo la jurisdicción del DCR. La Regla 4 define "acto prohibido" como "*cualquier acto que implique una violación a las normas de conducta de la institución que conlleve la imposición de medidas disciplinarias, incluyendo cualquier acto u omisión, o conducta tipificada como delito*"[24]. El Código 108 de la Regla 15 dispone lo siguiente:

> Posesión, Distribución, Uso, Venta o Introducción de Teléfonos Celulares o Equipo de Telecomunicaciones – Se prohíbe la posesión, distribución, uso, venta e introducción de teléfonos celulares a instituciones correccionales.[25]

Por su parte, el Código 200 de la Regla 16 lee como sigue:

> Contrabando – Consiste en la posesión de artículos o materiales considerados no peligrosos, que no sean suministrados o autorizados por el Departamento de Corrección y Rehabilitación. También se considerará contrabando aquellos artículos en exceso de los permitidos en el área de vivienda, tales como los artículos de consumo, o cualquier otro establecido por el Departamento de Corrección y Rehabilitación, excluyendo aquellos tipificados como contrabando peligroso.[26]

Cuando un oficial correccional sea testigo de un incidente o infracción a las normas del Reglamento por parte de un confinado, este podrá presentar una

---

[23] *O.E.G. v. Martínez Giraud*, supra, a la pág. 91.
[24] Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, *supra*, pág. 6.
[25] *Íd.*, Regla 15, pág. 28.
[26] *Íd.*, Regla 16, pág. 40.

querella.[27] Por su parte, cuando se impute la comisión de un acto prohibido, el Reglamento dispone que el oficial de querella referirá el caso al Oficial Examinador de vistas disciplinarias para el señalamiento y la celebración de la vista.[28] Una vez celebrada la vista, el Oficial Examinador adjudicará la querella e impondrá las sanciones que entienda correspondientes.[29] La determinación deberá estar basada en la totalidad de la evidencia presentada, la cual deberá evaluarse bajo el estándar de preponderancia de la prueba.[30] Por último, en lo referente a la jurisdicción del Oficial Examinador, la Regla 30 dispone que este "*[t]ambién, tendrá jurisdicción inherente para la consideración y disposición de solicitudes de reconsideraciones de sus propias decisiones*".[31]

-III-

En el presente caso, el Recurrente alega que la Querella adolece de defectos de fondo insubsanables. Particularmente, señala que existe controversia sobre el lugar de los hechos. Además, arguye que el Querellante no tiene propio y personal conocimiento de los hechos alegados, lo que le resta credibilidad a su testimonio. Luego de un examen del expediente de epígrafe, resolvemos que el DCR no incurrió en violación alguna. Veamos.

Según surge del expediente de marras, posterior al suceso en controversia, se llevó a cabo una investigación que giró en torno al cargo de "Posesión,

---

[27] *Íd.*, Regla 6, pág. 14.
[28] *Íd.*, Regla 13, pág. 25.
[29] *Íd.*, Regla 28, págs. 73-76.
[30] *Íd.*
[31] *Íd.*, Regla 30, pág. 78.

Distribución, Uso, Venta o Introducción de Teléfonos Celulares o Equipo de Telecomunicaciones" y el cargo de "Contrabando". Durante la investigación, el Recurrente solicitó la desestimación de la Querella tras alegar que hubo incongruencias, debido a que el informe señala que el lugar de los hechos fue en el "*Área de admisiones de la institución Ponce Principal Anexo Mínima (Fase 1)*" y él pertenece a la Fase 2. Sobre este particular, el señor Antonio Gómez Santiago, Oficial de Control de Población, certificó que la Institución Ponce Principal se compone de los siguientes edificios y anexo: Fase II, Fase IV, Fase V y Fase I, esta última siendo parte de la institución como anexo.[32] Por su parte, el Querellante emitió una Declaración[33] en la que sostiene haber inspeccionado las pertenencias del Sr. Blasini y percatarse de un celular color azul, de la compañía Claro con su tarjeta y número de serie.

Posteriormente, se llevó a cabo una vista administrativa en la que el DCR tuvo la oportunidad de evaluar evidencia documental y testifical. Como parte de la prueba, el foro recurrido tomó conocimiento de que el Sr. Blasini reside en la Fase 2, sin embargo, el 23 de octubre de 2024 fue llevado por los supervisores de turno al área de admisiones de la Fase 1. Continuó demostrando la prueba que, en esa ocasión, el Oficial Colón registró las pertenencias del Querellante en un cajón transparente y ocupó un teléfono celular color azul de la compañía Claro.

---

[32] *Véase* Apéndice del escrito en oposición, pág. 39.
[33] *Íd.*, a la pág. 40.

Según se desprende del expediente de epígrafe el testimonio del Querellante es cónsono con la evidencia documental presentada. El Oficial Examinador pudo evaluar la prueba ante sí junto con el *demeanor* del Querellante y concluyó que la prueba que obra en el récord administrativo es preponderante para sostener que el Recurrente cometió los actos que se le imputan.

Es norma ampliamente reiterada en nuestro ordenamiento jurídico que las decisiones administrativas suponen una presunción de legalidad y corrección que debemos respetar. Tal y como señalamos en el acápite II de esta Sentencia, dicha deferencia cede si la agencia erró al aplicar la ley, actuó de manera irrazonable o lesionó derechos constitucionales fundamentales. Mientras ello no ocurra, se debe sostener la determinación administrativa.

A tenor con lo anterior, concluimos que el DCR actuó de manera razonable y dentro de los parámetros que le concede su ley habilitadora. Su determinación se fundamentó en la evidencia que obra en el expediente administrativo, por lo tanto, no existe razón por la cual debamos intervenir en esta ocasión.

-IV-

Por los fundamentos antes expresados, se **confirma** la determinación recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones